NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1  MICHELLE UZETA, SBN 164402
2  NISHA N. VYAS, SBN 228922
   DANNY Y. YOO, SBN 251574
3  dyoo@hrc-la.org
4  Attorneys for Plaintiff
   520 S. Virgil Avenue, Suite 400
5  Los Angeles, CA  90020
   Tel:  (213) 387-8400 ext. 34
6  Fax: (213) 381-8555
7
8              IN THE UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11 FAIR HOUSING FOUNDATION,       )  CASE NO. CV-08-06828-R
                                  )
12         Plaintiff,              )  [HON. MANUEL L. REAL]
                                  )
13     vs.                         )  **STIPULATED PROTECTIVE**
                                  )  **ORDER**
14                                )
15 JOSE L. GOMEZ, MAGDALENA        )
   GOMEZ, REFUGIO VILLARREAL,     )
16                                )
17         Defendants.             )
                                  )
18                                )
                                  )
19                                )
                                  )
20 _____)

21     Subject to the approval of this Court, the parties hereby stipulate that any
22 information relating to the techniques employed by the Fair Housing Foundation in
23 conducting fair housing investigations ("Confidential Investigations Information")
24 shall be treated as confidential pursuant to the terms of this Stipulated Protective
25 Order.
26     1.   FHF agrees to disclose to counsel for defendants information they
27          have requested in discovery about the non-privileged documents relating to
28          the investigation at the subject property.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
- 1 -

2. FHF will redact any information that may lead to the disclosure of the identity of the person who initially reported the allegations of discrimination.

3. FHF will designate documents containing Confidential Investigations Information by marking those documents as "Confidential."

4. Defendants agree that as a condition of receiving the Confidential Investigations Information, counsel for Defendants will not disclose or disseminate the Confidential Investigations Information to any individual or entity except to the Court and to persons representing or assisting the parties in the prosecution or defense of this litigation and shall use such information solely for the purpose of conducting this litigation.

5. Before Defendants permit any third-party (e.g., expert witnesses) or party they represent in this action to view or inspect any of the confidential information, counsel shall obtain a written agreement from such person that they shall abide by the terms of this Protective Order.

6. Any documents to be filed with the Court that disclose Confidential Investigations Information shall be filed and maintained under seal absent further Court order.

7. Testimony taken at a deposition, conference, hearing or trial containing Confidential Investigations Information may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

8. In the event that any Confidential Investigations Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. A document that contains Confidential Investigations Information as identified in this stipulated protective order shall not lose its confidential status solely because it was inadvertently not marked by the parties as confidential. It is the responsibility of the Plaintiff to mark the document as confidential to correct the error by contacting the opposing party promptly to clarify the document's confidential status.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. This Order shall remain in effect until final termination of this action including appeals there from, or until agreement of the parties or order of the Court upon motion by either party.

12. The parties shall comply with Local Rule 79-5.

13. The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction.

IT IS SO ORDERED.

Dated: February 10, 2009

_____
The Honorable Manuel L. Real
United States District Judge