MICHELLE UZETA, SBN 164402
NISHA N. VYAS, SBN 228922
DANNY Y. YOO, SBN 251574
dyoo@hrc-la.org
Attorneys for Plaintiff                          JS-6
520 S. Virgil Avenue, Suite 400
Los Angeles, CA  90020
Tel:  (213) 387-8400 ext. 34
Fax: (213) 381-8555

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING FOUNDATION, | CASE NO. CV-08-06828 R (JCx) |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| JOSE L. GOMEZ, MAGDALENA GOMEZ, REFUGIO VILLARREAL, | |
| Defendants. | |

## RECITALS

This case was brought by Plaintiff Fair Housing Foundation against Defendants Jose L. Gomez, Magdalena Gomez, and Refugio Villarreal. Plaintiffs allege that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA"), the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et seq.

("FEHA"), and negligence.  Specifically, Plaintiff alleges that Defendants have engaged in discriminatory housing practices based on race, color and/or national origin at 10715 S. Avalon Blvd., Los Angeles, California 90061 ("the subject property").

Defendants do not admit to any liability.  Defendants deny all of Plaintiff's allegations.  Further, Defendants allege the following:

1.    Defendants do not discriminate on the basis of race, color or national origin.

2.    Defendants did not discriminate on the basis of race, color or national origin in connection with the events and circumstances surrounding this case.

3.    Defendants native language is Spanish.  Defendants communicate with tenants and prospective tenants in their native language as a business necessity.

4.    Only Defendants Jose L. Gomez and Magdalena Gomez make decisions regarding the rental of units to prospective tenants at the subject property.

Plaintiff and Defendants have agreed that the controversy should be resolved without a trial or adjudication on the merits and therefore have consented to entry of this Consent Decree and Order.

It is hereby ORDERED, ADJUDGED and DECREED:

**I.    TERM, JURISDICTION, AND DISMISSAL**

A.    The term of this Order shall be two (2) years from the date of entry.

B.    The Court shall retain jurisdiction over this Order for the purpose of enforcing the Order's terms, after which time the case shall be dismissed with prejudice.

**II.    INJUNCTION**

B.    Defendants shall not discriminate in any aspect of the rental of dwellings in violation of the FHA or FEHA, including but not limited to the following:

1.    Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as

defined in California Government Code Section 12955, age, or other characteristics protected by law;

2.  Discouraging or encouraging prospective tenants from obtaining information about, viewing, applying to rent, or renting any dwelling, on the basis or race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law;

3.  Discriminating against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law;

4.  Misrepresenting the availability of apartments for rent, or providing different information about the availability of apartments, on the basis or race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law;

5.  Withholding information regarding the availability of apartments for rent on the basis of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law;

6.  Taking any action tending to constructively or actually remove or assist in the removal of any tenant from a rental unit on the basis of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955,

age, or other characteristics protected by law, including but not limited to refusing to accept tendered rent payments, issuing three-day notices, filing unlawful detainer actions, or initiating any other type of legal or administrative proceeding for alleged non-payment of rent on the aforementioned bases;

7.  Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination on the basis of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law.  The parties hereto stipulate and agree that placing rental advertisements only in Spanish-language newspapers shall not, in and of itself, be deemed a violation of this injunction; and

8.  Steering persons seeking housing to particular units on the basis of race, color, national origin, religion, sex, familial status, disability (handicap), sexual orientation, marital status, ancestry, source of income as defined in California Government Code Section 12955, age, or other characteristics protected by law.

## III.    FAIR HOUSING TRAINING

A.    Defendants and their agents, including each and every current employee or employee hired by Defendants in the period of this Order, who deals in any way with the rental or management of Defendants' rental properties, shall undergo fair housing training to be provided by the FHF.  Persons who shall receive said training shall include current and future employees of any present or future management company hired by Defendants in the period of this Order.  Defendants shall pay to the FHF its customary charge of $150 per person for each such training session.  Such training shall be conducted in one session and completed within 60 days of the date of entry of this Order for current employees and within 30 days of the beginning of the agency relationship for future employees.

B.      Defendants shall furnish to each and every current employee and employee hired within the period of this Order who deals in any way with the rental or management of Defendants' rental property, a copy of this Order and inform each employee that noncompliance with this Order may lead to sanctions imposed by the Court.  Defendants shall also obtain a signed statement from each and every current employee and employee hired within the period of this Order in which the employee attests that he or she received, read, and understands the Order.  Copies of such statements shall be provided to the HRC within 30 days of the date of entry of this Order for current employees and within 30 days of the beginning of the agency relationship for future employees.

## IV.    COMPLIANCE MONITORING

A.      FHF will implement fair housing testing programs to monitor, test and survey the tenants of Defendants' residential rental buildings for the period of this Order.

B.      During the period of this Order, Defendants shall maintain all records containing information pertinent to their obligations under this Order and such records shall be made available to the FHF upon reasonable request at any time during the life of this Order.

C.      Nothing in this Order shall create, or be construed to create, any partnership, joint venture, agency or employment relationship between FHF and Defendants, and there shall be no fiduciary or other such duties owed by FHF to Defendants by virtue of this Order.

## V.     RECORDKEEPING AND REPORTING

A.      With respect to the rental of residential dwellings of Defendants' properties, Defendants shall:

1.      Maintain a copy of all submitted applications and, at the end of each completed Application to Rent indicate whether the applicant was accepted or denied; the date the applicant was accepted or denied; the basis for denial, if denied; and, if known or reasonably determinable, the applicant's race and national

origin based on the good faith belief or observation of Defendants and their representatives;

      3.    Nothing in this Order shall be construed as requiring Defendants to make or cause to be made any written or oral inquiry regarding an applicant's protected characteristics, in violation of the fair housing laws.

B.    Defendants shall maintain a list of all notices, postings, memoranda, letters, or contracts, which memorialize or constitute rules and policies at their property for in-place tenants to follow.

C.    During the period of this Order, Defendants shall advise FHF in writing within 30 days of receipt of any written administrative or legal complaint against Defendants or against any of Defendants' employees or agents of the residential rental property, alleging housing discrimination or employment discrimination.

D.    Upon five (5) business days notice to defendants, the Fair Housing Foundation shall have the right to inspect and have Defendants copy, at Defendants' expense, any of the records described in this Section of this Consent Decree, or any other documents relevant to Defendants' compliance with this Consent Decree.  FHF shall attempt to minimize any inconvenience to Defendants during the inspection and copying of such records.

## VI.    MONETARY COMPENSATION

A.    Defendants shall make a one-time payment of $13,000 to the Plaintiff, by cashier's check made payable to the "Housing Rights Center Client Trust Account," and delivered to Plaintiff's attorney Danny Yoo at 520 South Virgil Avenue, Suite 400, Los Angeles, California, 90020.  This one-time payment shall constitute a compromise and settlement of all claims of the Plaintiff for damages and attorney's fees and costs.  This one-time payment shall be made no later than seven (7) days after the entry of this order.

B.    The Plaintiff and Defendants shall execute mutual waivers and releases indicating that this Consent Decree and Final Order constitutes a full and final settlement

of any and all claims of the Plaintiff that relate to the subject matter of this litigation.  The mutual waivers and releases shall include a waiver of all known and unknown claims and a waiver of the rights of all parties, pursuant to Cal. Civ. Code § 1542.

## V.     DISPUTE RESOLUTION

A.     The parties agree to attempt to resolve in good faith any disputes that arise under the terms of this Order.  In that regard, the parties agree to utilize a notice-to-cure procedure before applying to the Court for enforcement of any term of this Order.  The parties agree to the following for a Notice-To-Cure with respect to any dispute that may arise:

1.     The party claiming a violation of any term of this Order will give written notice of the nature and extent of the alleged violation as follows:  (a) written notice to the Housing Rights Center shall be given to Litigation Director, Housing Rights Center, 520 South Virgil Avenue, Suite 400, Los Angeles, CA 90020; and (b) written notice to Stephen Ajalat, Ajalat & Ajalat LLP, 5200 Lankershim Boulevard, Suite 850, North Hollywood, California 91601.

2.     The person receiving notice will have fifteen (15) days to respond in writing to the Notice of the alleged violation, or cure such violation.  If the person receiving the Notice does not respond or cure within 15 days, or if the parties cannot resolve the dispute concerning the alleged violation within 15 days thereafter, the party claiming a violation may bring a motion directly to this Court to enforce the provisions of this Consent Decree.

3.     The parties to this Order stipulate and agree that if the Court grants relief pursuant to a motion to enforce the provisions of the Consent Decree, the moving party is entitled to a stipulated penalty of $5,000, plus its fees and costs incurred to bring the motion.   The moving party shall also be entitled to a stipulated penalty of $5,000 if it is determined by the court that the violation and failure to cure was without any reasonable excuse or justification.

4.      Any proven violation of this Decree by Defendants, as alleged by the Fair Housing Foundation and determined by the Court to be without any reasonable excuse or justification, shall result in a mandatory one (1) to three (3)-year extension of the duration of the Decree as may be decided by the court. The parties will move the Court for such an extension of the duration of the Decree.

**IT IS SO ORDERED.**

June 02, 2009

_____

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

The undersigned Parties hereby declare and represent that the undersigned agree terms of this Consent Decree and Final Order after having full legal advice as to their rights from their counsel. The undersigned further certify that the undersigned have all of this Consent Decree and Final Order and fully understand all of the same.

_____          DATED:
FAIR HOUSING FOUNDATION
Plaintiff
By: Barbara Shull, Executive Director


_____          DATED:
JOSE L. GOMEZ
Defendant


_____          DATED:
MAGDALENA GOMEZ
Defendant


_____          DATED:
REFUGIO VILLARREAL
Defendant

APPROVED AS TO FORM.

_____     DATED:
DANNY Y. YOO
Attorney for Plaintiff

_____     DATED:
STEPHEN P. AJALAT
Attorney for Defendants